# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FRANK CARUSO, | : | No. 3:09cv1356 |
|     Plaintiff | : | |
| | : | (Judge Munley) |
| v. | : | |
| STARWOOD HOTELS & RESORTS WORLDWIDE, INC.; | : | |
| COVE HAVEN, INC., d/b/a Cove Haven Resort; | : | |
| TALENT SPECTRUM, INC.; | : | |
| JOHN SALVATO; | : | |
| SATURN SYSTEMS, INC.; | : | |
| KC SATURN SYSTEMS, INC.; | : | |
| CHRISTOPHER CHALFIN; and | : | |
| KENNETH CHALFIN, | : | |
|     Defendants | : | |
| v. | : | |
| EMPERORS OF SOUL F.S.O. THE TEMPTATIONS; | : | |
| SELECTIVE INSURANCE COMPANY OF SOUTH CAROLINA; | : | |
| THE WOODRING-ROBERTS CORPORATION; | : | |
|     Third-Party Defendants | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM

Before the court are the motions for summary judgment of Defendants Christopher Calfin and Saturn Systems, Inc. and Defendants Starwood Hotels and Resorts Worldwide and Cove Haven, Inc. ("the Resorts"). Having been fully briefed,

the matters are ripe for disposition.

**Background**

This case concerns a slip-and-fall accident suffered by Plaintiff Frank Caruso. On July 29, 2007, plaintiff, an employee of the Temptations musical group, was at work helping to set up for a performance at the Cove Haven Resort in Lakeville, Pennsylvania. (Defendants Christopher Calfin and Saturn Systems, Inc.'s Statement of Material Facts (Doc. 90) (hereinafter "Defendants' Statement") at ¶ 2). Plaintiff slipped and fell while carrying an item down a ramp at the rear service entrance of the resort. (Id. at ¶ 1). This aluminum ramp, which had been placed over the step of the back entrance of the building, had been used by plaintiff and other workers setting up the show. (Id. at ¶ 3).

Plaintiff had used this ramp before. Before the July 29 show, plaintiff had helped set up six to eight Temptations shows. (Id. at ¶ 5). Plaintiff used the aluminum ramp on each of those occasions, going up and down the ramp some 100 times for each show. (Id. at ¶ 6). He never had difficulty using the ramp on those occasions. (Id. at ¶ 7). He was also unaware of any other user of the ramp having difficulty because the ramp was slippery or unsafe. (Id. at ¶ 8). Plaintiff had never before, however, used the ramp when it was raining or the ramp was wet. (Plaintiff's Counterstatement of Material Facts (Doc. 94) (hereinafter "Plaintiff's Statement") at ¶ 6).

Plaintiff had used the ramp three or four dozen times on the day he fell.

(Defendants' Statement at ¶ 9). He did not have problems walking up or down the ramp the first three or four dozen times he used it. (Id. at ¶ 10). He did not find the ramp slippery or wet at all. (Id. at ¶¶ 11, 14). Plaintiff did not notice that the ramp had grease on it before he fell. (Id. at ¶ 15). He did not complain to anyone about the condition of the ramp before he fell, and he did not see anyone else having problems either. (Id. at ¶¶ 12-13).

In describing his fall, plaintiff reported that he was carrying a duffle bag at the time he slipped. (Id. at ¶ 16). He had exited the building and went to use the ramp. (Id.). When plaintiff put his foot down, he got no traction on the ramp. (Id.). The bag plaintiff was carrying weighed 60-70 pounds, and plaintiff testified that the bag made him "top heavy." (Id. at ¶ 17). Plaintiff testified that "I attributed a large portion" of the cause of his fall "to the fact that I'm carrying equipment over my arm, I am top heavy." (Id. at ¶ 18). "[S]till," plaintiff testified, there "had to have been a reason why my foot didn't grip on this diamond plated ramp, which has been around awhile." (Id. at ¶ 18). The parties disagree over whether plaintiff testified that he was unaware of the cause of his fall. (See Defendants' Statement at ¶ 19; plaintiff's statement at ¶ 19). Defendants point to testimony where plaintiff expresses uncertainty about the cause of his fall. (Defendants' Statement at ¶ 19). Plaintiff points to several points in his deposition where he describes the cause of his fall as the fact that the ramp was "old and worn" and the ground wet. (Plaintiff's Statement at ¶ 19). Plaintiff also contends that grease and rain water had been tracked onto the ramp and made it

3

slippery, though defendants point out he testified that he did not see any wet areas or oily substances on the ramp itself. (Id. at ¶ 20; Defendants' Statement at ¶ 20). It was not raining as plaintiff walked down the ramp a final time, though plaintiff points out that it was still misty and had rained shortly before he fell. (Defendants' Statement at ¶ 21; Plaintiff's Statement at ¶ 21).

Plaintiff testified that he was uncertain if defendants were aware of the slippery conditions of the ramp, but that he knew they were aware of the generally worn and slippery nature of the ramp. (Defendants' Statement at ¶ 23; Plaintiff's Statement at ¶ 23). Plaintiff points out that Defendant Christopher Chalfin testified that the ramp had been purchased used and was old. (Plaintiff's Statement at ¶ 26).

Plaintiff filed a complaint in this action on July 14, 2009. The complaint contains three counts, each of them alleging negligence against different defendants. Count I alleges that Defendant Starwood was negligent in maintaining the premises. Count II alleges that Defendant Talent Spectrum was negligent in maintaining and placing the ramp. Count III alleges that Defendant Saturn Systems was negligent in maintaining and inspecting the premises in question.

After the parties engaged in discovery, Defendants Cove Haven and Starwood Hotels & Resorts Worldwide filed a motion for summary judgment. (Doc. 84). Defendants Christopher Chalfin and Saturn Systems also filed motions for summary judgment. (Doc. 87). The parties then briefed the issues, bringing the case to its present posture.

**Jurisdiction**

Plaintiff is a citizen of California. Defendant Starwood Hotels & Resorts Worldwide is a New York corporation with its principal place of business in that state. Defendant Cove Haven, Inc., is a Pennsylvania corporation with its principal place of business in that state. Defendant Talent Spectrum, Inc., is a New Jersey corporation with its principal place of business in New Jersey. Defendant John Salvato is a citizen of New Jersey. Defendant Saturn Systems, Inc., is a Pennsylvania corporation with its principal place of business in Pennsylvania. Defendant KC Saturn Systems, Inc., is a Pennsylvania corporation with its principal place of business in that state. Defendant Christopher Chalfin is Pennsylvania citizen. Defendant Kenneth Chalfin is a Pennsylvania citizen. The amount in controversy exceeds $75,000. The court therefore has jurisdiction pursuant to 28 U.S.C. § 1332. The court is sitting in diversity, and the substantive law of Pennsylvania shall apply. Chamberlain v. Giampapa, 210 F.3d 154, 158 (3d Cir. 2000) (citing Erie R.R. v. Tompkins, 304 U.S. 64, 78 (1938)).

**Legal Standard**

Defendants move for summary judgment on plaintiff's claims. Granting summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. See Knabe v. Boury, 114 F.3d 407, 410 n.4 (3d Cir.

1997) (citing FED. R. CIV. P. 56(c)). "[T]his standard provides that the mere existence of <u>some</u> alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no <u>genuine</u> issue of <u>material</u> fact." <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 247-48 (1986) (emphasis in original).

In considering a motion for summary judgment, the court must examine the facts in the light most favorable to the party opposing the motion. <u>International Raw Materials, Ltd. v. Stauffer Chemical Co.</u>, 898 F.2d 946, 949 (3d Cir. 1990). The burden is on the moving party to demonstrate that the evidence is such that a reasonable jury could not return a verdict for the non-moving party. <u>Anderson</u>, 477 U.S. at 248 (1986). A fact is material when it might affect the outcome of the suit under the governing law. <u>Id.</u> Where the non-moving party will bear the burden of proof at trial, the party moving for summary judgment may meet its burden by showing that the evidentiary materials of record, if reduced to admissible evidence, would be insufficient to carry the non-movant's burden of proof at trial. <u>Celotex v. Catrett</u>, 477 U.S. 317, 322 (1986).

**Discussion**

Two sets of defendants filed summary judgment motions. The court will address each motion in turn.

**A. Motion of Starwood Hotels & Resorts and Cove Haven, Inc.**

Defendants Starwood Hotels & Resorts and Cove Haven, Inc. seek summary

judgment on two grounds. The court will address each ground, as necessary.

### i. Indemnity

Defendants first argue that Third-Party Defendants the Temptations agreed to indemnify and hold them harmless for plaintiff's alleged injuries. They point to an indemnification provision in the contract between the Resorts and the Temptations and argue that the provision removes them from potential liability for the incident in question. Plaintiff was an employee of the Temptations at the time of his injury, and the indemnification provision means that the Resort defendants cannot be liable under these circumstances. The Resorts filed a third-party complaint against the Temptations based on this provision in the contract. The Temptations never answered that complaint, and the court has entered default against them. Because the Resorts are indemnified against liability in this case, they argue, the case should be dismissed against them.

The court will deny the motion on these grounds. While the dispute between the Temptations and the Resorts over who would be liable for any damages assigned in this case has been settled, the mere presence of an indemnity agreement between two of the defendants does not require the court to dismiss the claims against the indemnified party. Indemnity is "[a] duty to make good any loss, damage, or liability incurred by another." BLACK'S LAW DICTIONARY (9th ed. 2009). This case has established that the contract between the Resorts and the Temptations provided that the Temptations would "[assume] liability for, and shall

7

indemnify, defend, protect, save and hold harmless" the resort defendants "from and against any and all liabilities, claims, judgments, damages, and losses . . . caused by or arising out of negligence, malfeasance or willful misconduct of" the Temptations or the Resorts and their employees. (Artist Engagement Agreement, Exh. 2 to Resort Defendants' Motion for Summary Judgment (Doc. 84-2) at ¶ 33). This agreement does not provide a basis for summary judgment. Indemnity is not a shield from a finding of liability, but instead insures that a party against whom liability is found has a means to compensate the injured party that will not come out of the indemnified's pocket. The indemnity provision of the contract may cause the Temptations to pay for any damages assessed for the Resorts' negligence, but does not make evidence of such negligence disappear. The court will deny the motion on these grounds.

### ii. Causation

In terms of plaintiff's claims of negligence, defendant argues that no evidence exists by which plaintiff could prove that slippery conditions on the pavement, sidewalk or metallic ramp caused him to fall. Instead, defendants claim, plaintiff's injury was caused by the top-heavy load he was carrying when he fell. Moreover, plaintiff's fall came as he placed his foot on the metallic ramp, not while he was on the pavement or sidewalk. Moving defendants had no responsibility for the condition of the ramp, and thus cannot be liable if the ramp caused plaintiff's injury. In any case, no evidence exists by which plaintiff could prove that the area where he fell was slippery, greasy or wet. Finally, defendants emphasize that plaintiff testified at

his deposition that he did not know what caused his fall. Thus, lacking evidence of what caused him to fall, plaintiff cannot prevail on his claims of negligence.

Under Pennsylvania law, "[a] *prima facie* negligence claim requires the plaintiff to show that: (1) the defendant had a duty to conform to a certain standard of conduct; (2) the defendant breached that duty; (3) such breach caused the harm in question; and (4) the plaintiff incurred actual loss or damage." Krentz v. Consol Rail Corp., 910 A.2d 20, 27 (Pa. 2006). This case involves alleged negligence leading to a slip-and-fall at a business. Plaintiff was a business invitee of the resorts on the date in question. See Estate of Swift v. Northeastern Hospital, 680 A.2d 719, 723 (Pa. Super. Ct. 1997) ("a business visitor is a person who is invited to enter or remain on land for a purpose directly or indirectly connected with business dealings with the possessor of the land."). "The landowner's duty of protection toward business visitors is the highest duty owed to any entrant upon land, and the landowner is under an affirmative duty to protect the business visitor not only against dangers which he knows, but also against those which with reasonable care he might discover. The business visitor enters landowner's premises with implied assurance of preparation and reasonable care for his protection and safety while he is there." Treadway v. Ebert Motor Company, 436 A.2d 994, 998 (Pa. Super. Ct. 1981) (quoting Crotty v. Reading Industries, Inc., 345 A.2d 259, 262-64 (Pa. Super. Ct. 1975)). Thus, to prevail under these circumstances, a plaintiff "must prove either that the proprietor had a hand in creating the harmful condition, or that he had actual

9

or constructive notice of such condition." Moultrey v. Great A & P Tea Co., 422 A.2d 593, 598 (Pa. Super. Ct. 1980).

Defendants' argument for summary judgment focuses on causation; the defendants do not appear to deny that they had a duty to plaintiff to provide a safe workplace. The question here, then, is whether there is evidence that defendants' conduct caused plaintiff's injuries. The court finds that evidence exists by which a jury could conclude that defendants were negligent and caused plaintiff to slip and fall on the day in question. The plaintiff has presented, for example, the expert report of R.P. Bielinski, a registered architect and engineer. (Exh. A. to Plaintiff's Brief in Opposition (Doc. )). After examining various depositions and statements collected in discovery, building codes and photographs of the accident scene, Bielinski concludes that "the primary cause of Mr. Caruso's fall was because Mr. Chalfin and Starwood Hotel employees placed a worn aluminum ramp which was slippery at a time Mr. Caruso stepped on the ramp." (Id. at 3). Placing the ramp was unnecessary, since "all the equipment had been loaded on stage two hours earlier." (Id.). Moreover, federal regulations required that Starwood construct "a permanent ramp to ensure an equal elevation from the doorway" with "sufficient anti-skid material with an appropriate slope to avoid this type of fall from occuring." (Id.). If a jury were to credit this information, that jury could reasonably conclude that the cause of plaintiff's fall was the failure of the defendant resorts to provide and maintain safe walkways and work areas for business invitees.

10

The court rejects defendants' contention that plaintiff himself admitted that his injuries were not caused by the condition of the ramp or walkways but by the uneven load he was carrying when he fell. Plaintiff testified that on the day in question he carried a duffel bag up the ramp in question. (Plaintiff's Dep. at 171). The bag was heavy, making plaintiff "top heavy." (Id. at 172). When he "hit that ramp with the grease, with the drizzle throughout the day, now, all of a sudden I'm not just slipping, now I've got this bag that's like an anchor that drops me to the ground." (Id.). According to plaintiff, workers frequently pushed cases up and down the ramp, "tracking substances on the metallic ramp." (Id. at 173). Plaintiff also testified that he had not previously noticed any water or grease on the ramp, and had walked up and down that ramp without slipping numerous times during the day. (Id. at 181-82). He also testified that he did not know what caused him to slip. (Id. at 191). Still, plaintiff testified to the wet conditions that prevailed on that date and the worn nature of the ramp on which he walked. (Id. at 189-90). Thus, though plaintiff's testimony was not entirely clear in pinning the source of his fall on the condition of the ramp, he did find the ramp unusually slippery at the time of his fall. His testimony is that he stepped on the ramp, slipped and fell. A jury could reasonably conclude that the worn conditions of the ramp, exacerbated by the conditions in the area around the ramp, as well as use of the ramp itself rather than a more permanent structure, caused plaintiff to fall. Since the ramp on which plaintiff was walking was designed to facilitate the unloading of trucks, the fact that plaintiff was carrying a duffel bag

11

when he fell does not upset this analysis, though a jury could find that fact important in assigning liability. The court will deny defendants' motion on this point.

### B. Motion of Christopher Calfin and Saturn Systems

Defendants Christopher Calfin and Saturn Systems also seek summary judgment on the claims against them. They raise two grounds for granting the motion, which the court will address in turn.

#### i. Causation

Like the resort defendants, Calfin and Saturn Systems argue that plaintiff cannot establish the causation element of his negligence claims against them. They repeat the resort defendant's arguments on this matter, contending that there is no evidence of what actually caused defendant to fall. A jury, defendants argue, would be forced to speculate on the reasons for the fall. For the same reasons that the court will deny the resort defendants' motion, the court will also deny the instant motion for summary judgment on these grounds. The cause of the injury here is a question for the jury. A jury could reasonably conclude that the worn condition of the ramp, combined with the weather conditions of the day and the grease deposited on the ramp created an unsafe condition that caused plaintiff to fall. The motion will be denied on these grounds.

#### ii. Notice

Defendants also argue that they cannot be liable for plaintiff's injuries because they lacked notice of the dangerous conditions to which he was subjected.

12

Defendants cite to a number of cases related to slip-and-fall injuries in grocery stores. In those cases, courts concluded that the store owner lacked actual or constructive notice of slippery conditions caused by spills on floors and could not be liable for injuries caused by those conditions.

The court will deny the motion on these grounds. There is no mystery as to where the defendant slipped, and there is evidence as to the condition of the area at the time of the fall. Defendant Saturn Systems admits that it provided the ramp on which plaintiff slipped. As explained above, plaintiff has provided expert testimony on the condition of the ramp. That expert has concluded that the condition of the ramp provided by the Defendant was a cause of plaintiff's injury, since the worn ramp bearing insufficient skid material was unable to insure proper traction under the circumstances. The court concludes that a jury should determine whether the ramp in question had the defects the expert claims, particularly under the circumstances of the accident. Since the ramp belonged to the defendants, they had actual or constructive notice of the ramp's condition. The court will therefore deny the motion on these grounds.

**Conclusion**

For the reasons stated above, the court will deny the defendants' motions for summary judgment. An appropriate order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **FRANK CARUSO,** | : | No. 3:09cv1356 |
| **Plaintiff** | : | |
| | : | (Judge Munley) |
| | : | |
| v. | : | |
| | : | |
| **STARWOOD HOTELS & RESORTS** | : | |
| **WORLDWIDE, INC.;** | : | |
| **COVE HAVEN, INC., d/b/a Cove** | : | |
| **Haven Resort;** | : | |
| **TALENT SPECTRUM, INC.;** | : | |
| **JOHN SALVATO;** | : | |
| **SATURN SYSTEMS, INC.;** | : | |
| **KC SATURN SYSTEMS, INC.;** | : | |
| **CHRISTOPHER CHALFIN; and** | : | |
| **KENNETH CHALFIN,** | : | |
| **Defendants** | : | |
| | : | |
| v. | : | |
| | : | |
| **EMPERORS OF SOUL F.S.O. THE** | : | |
| **TEMPTATIONS;** | : | |
| **SELECTIVE INSURANCE COMPANY** | : | |
| **OF SOUTH CAROLINA;** | : | |
| **THE WOODRING-ROBERTS** | : | |
| **CORPORATION;** | : | |
| **Third-Party Defendants** | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## **ORDER**

**AND NOW**, to wit, this 2nd day of June 2011, Defendants' motions for summary judgment (Docs. 84, 87) are hereby **DENIED**.

14

**BY THE COURT:**


<u>**s/ James M. Munley**</u>
**JUDGE JAMES M. MUNLEY**
**United States District Court**